# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **C.P. and B.P.**

**No. 19-0047** (Barbour County 18-JA-61 and 18-JA-62)

**FILED**

**May 24, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother K.P., by counsel Katica Ribel, appeals the Circuit Court of Barbour County's November 27, 2018, order terminating her parental rights to C.P. and B.P.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), Allison C. Iapalucci, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motions for improvement periods.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 29, 2018, the DHHR filed an abuse and neglect petition alleging that both parents abused substances. Petitioner waived her right to a preliminary hearing on July 12, 2018. She subsequently advised the circuit court that she last used methamphetamine the week before July 4, 2018, and used methamphetamine approximately two times per week prior to the children's removal. The father also admitted to substance abuse and admitted that the couple had been abusing substances for several years. Both parents were ordered to report for random drug testing immediately following the hearing. Petitioner's drug screen was positive for methamphetamine.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner does not raise an assignment of error regarding the termination of her parental rights.

On September 24, 2018, the circuit court held an adjudicatory hearing during which petitioner stipulated to the allegations of abuse and neglect. Petitioner moved for a post-adjudicatory improvement period and stated that she would "accept services." She testified again regarding her history of substance abuse and stated that she adopted the children in 2012. She informed the circuit court that she worked with the DHHR during the adoption proceedings and completed a home study and admitted that she did not disclose her substance abuse issues to the DHHR. Petitioner also admitted that she and the children had contact with the children's biological mother, whose parental rights were terminated due to her substance abuse. Petitioner also advised the circuit court that she had not drug screened since July 27, 2018, when she tested positive for methamphetamine. She stated that she was arrested twice since the preliminary hearing and that she was charged both times with possession of a controlled substance with intent to deliver. The arresting officer testified regarding the circumstances of petitioner's arrests. Following the stipulations and presentation of testimony, the circuit court found that petitioner was an abusing parent. The circuit court noted that it was "disturbed by the fraud perpetrated on the [c]ourt in that the . . . [p]arents concealed their drug and alcohol addictions . . . from the [c]ourt and the [DHHR]" during the 2012 adoption proceedings. Petitioner's motion for a post-adjudicatory improvement period was denied.

On November 18, 2018, the circuit court held a dispositional hearing. Petitioner did not attend, but was represented by counsel. Counsel explained that petitioner's absence was due to her entry into a rehabilitation program and moved for a post-dispositional improvement period. Both the DHHR and the guardian recommended the termination of petitioner's parental rights. The DHHR presented evidence that petitioner failed to drug screen, as ordered by the circuit court, after the adjudicatory hearing in July of 2018 until October of 2018. When she resumed drug screening, she tested positive for methamphetamine on multiple screens. A Child Protective Services ("CPS") worker testified that the parents were untruthful with the DHHR when they adopted the children and that petitioner was arrested multiple times since the beginning of the case. The CPS worker further testified that, although petitioner entered a twenty-eight-day rehabilitation facility, the DHHR remained opposed to an improvement period because petitioner was unwilling to attend the rehabilitation secured for her by the DHHR two months prior. However, according to the CPS worker, when rehabilitation became a condition of the dismissal of her criminal charges, petitioner was willing to attend. Further, the CPS worker testified that an investigation revealed that, while the children were living with their parents, they were having "substantial" contact with their biological mother, whose parental rights were previously terminated, "to such an extent that she was dropping them off at school daily."

The circuit court expressed its "grave concerns about this case and the fraud that was perpetrated upon the [c]ourt with regard to the adoption" and further noted that "had the [DHHR] been aware of the drug usage in this home, similar to that of the original home from which the children were removed, it would not have consented to adoption and this [c]ourt would not have granted an adoption." The circuit court denied petitioner's motion for a post-dispositional improvement period and found no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that the termination of her parental rights was in the

2

children's best interests. Accordingly, the circuit court terminated petitioner's parental rights in its November 27, 2018, dispositional order.[3] It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in denying her motions for a post-adjudicatory improvement and a post-dispositional improvement period. In regard to a post-adjudicatory improvement period, petitioner asserts that she should have been granted an improvement period following her stipulations to the abuse and neglect. In support of her argument that she should have been granted a post-dispositional improvement period, petitioner asserts that she "was able to prove she was committed to obtaining sobriety by admitting herself [into] a drug rehabilitation center to seek treatment." She also contends that she was willing to participate in any terms of an improvement period and that the circuit court should have granted her an improvement period at disposition so that she could "follow up with any necessary services to remedy the allegations that led to the filing of the petition." We do not find petitioner's argument persuasive. Petitioner fails to acknowledge the applicable burden for an improvement period. West Virginia Code § 49-4-610 provides that the circuit court may grant a parent a post-adjudicatory improvement or post-dispositional improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." We have held that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015).

Here, the record shows that petitioner had a history of substance abuse, continued to use illegal substances throughout the proceedings, and declined to enter a rehabilitation facility when the DHHR arranged one for her. Petitioner was arrested multiple times during the proceedings for possession of a controlled substance with intent to deliver illegal substances. She failed to complete

---

[3]The father's parental rights were also terminated. According to the DHHR and the guardian, the permanency plan for the children is adoption in their current placement.

any rehabilitation program during the proceedings and entered a program just prior to the dispositional hearing. Evidence established that this decision was motivated by such treatment being a requirement for dismissal of her criminal charges. There is no evidence in the record to support petitioner's assertion that she would participate in services, especially in light of the fact that she failed to drug screen for most of the proceedings and tested positive for methamphetamine when she did screen. Based on this evidence, petitioner clearly did not meet the applicable burden to receive an improvement period. Therefore, we find no error in the circuit court's denial of petitioner's motions for improvement periods.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 27, 2018, dispositional order is hereby affirmed.

Affirmed.

**ISSUED**:  May 24, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison